UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NAVARRO A. HAMMOND,** : | **CIVIL ACTION NO. 3:18-1236** |
| **Petitioner** : | |
| v. : | **(JUDGE MANNION)** |
| **WARDEN J. BALTAZAR,** : | |
| **Respondent** : | |

### MEMORANDUM

Navarro Hammond, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges a disciplinary action against him, which occurred while he was incarcerated at the Federal Correctional Institution, Cumberland ("FCI-Cumberland"), Maryland. Id. Specifically, Petitioner alleges that the DHO did not consider the exculpatory statement he presented during the hearing in which he stated that the weapon, found concealed within the plumbing of the sink in his cell did not belong to him. Id. For relief, Petitioner requests the incident report be expunged and his good conduct time be restored. Id. The petition is ripe for disposition and, for the reasons that follow, will be **DENIED**.

**I. Background**

On February 12, 2017 at approximately 10:25 a.m., Lt. T. Middleton, delivered Incident Report No. 2950402 to Hammond, charging him with Possession of a Weapon, in violation of Prohibited Act Code 104. (Doc. 4-1 at 12, Incident Report). The incident report reads as follows:

> On 2-12-2017 at approx. 8:30 AM while conducting a search of CA cell 101, I, Ofc. S. Robertson CO, discovered a homemade weapon concealed within the plumbing of the sink. The weapon was approx. 7 inches in length and had a formed plastic handle. The weapon appeared to be a large, metal screw that was sharpened to a point on one end. Housed within cell 101 at the time the weapon was discovered were inmates Navarro Hammond 31519-120 and Maurice Bethea 25612-057.

Id.

On February 16, 2017, Petitioner appeared before the Unit Discipline Committee ("UDC"). (See Doc. 4-1 at 12, Committee Action). Due to the severity of the charges, the UDC referred the charge to the Discipline Hearing Officer ("DHO"). Id. During the UDC hearing, Case Manager, D. Holler informed Hammond of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form. (Id. at 19, Inmate Rights at Discipline Hearing). Petitioner was also provided with a Notice of Discipline Hearing Before the DHO, which provided him an opportunity to request witnesses and a staff representative, both of which he

- 2 -

declined. (Id. at 18). At the UDC hearing, Petitioner's attitude was noted as fair, and Petitioner made the following statement:

> I don't know anything about no knife. I have only been here 40 days. If it was mine I would admit to it.

Id.

On February 17, 2017, Hammond appeared for a hearing before DHO, D. Huff. (Doc. 4-1 at 15-17). He waived his right to a staff representative and to have witnesses. Id. Hammond denied the charges before the DHO, stating "The report is true, but it isn't mine". Id.

In addition to the Incident Report and Investigation, the DHO considered the following documentary evidence: Photograph dated 02-12-2017, taken by R. Plauger, Lieutenant. Id.

The specific evidence relied on to support the DHO's findings was as follows:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request any witnesses, nor did you request a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed.
>
> The DHO finds you have committed the prohibited act possession, manufacture, introduction of a weapon, Code 104.
>
> The specific evidence relied upon to make this finding was the written report of S. Robertson, Correctional Officer, who reported the following:

On 2-12-2017 at approx. 8:30AM while conducting a search of CA cell 101, I, Ofc. S. Robertson CO, discovered a homemade weapon concealed within the plumbing of the sink. The weapon was approx. 7 inches in length and had a formed plastic handle. The weapon appeared to be a large, metal screw that was sharpened to a point on one end. Housed within cell 101 at the time the weapon was discovered were inmates Navarro Hammond 31519-120 and Maurice Bethea 25612-057.

Also in making this decision the DHO reviewed a digital photograph dated 02-12-2017, taken by Lieutenant Plauger. The DHO determined this to be a typical weapon contrived by an inmate in a correctional institution. The instrument is approximately 7 inches in length sharpened to a point, with a formed plastic handle attached on opposite end.

You also admitted to the DHO that the report was true which clearly supports the written account provided by the reporting officer that a makeshift weapon was discovered concealed within the plumbing of the sink, in your assigned living quarters. However, your assertion that "It isn't mine" was considered, but insufficient to excuse you from the offense. The DHO believes that even if the make shift weapon does not belong to you as you claim the charge against you is possession of a weapon, not ownership. Furthermore, you were informed by the DHO that you are responsible to keep your assigned area free and clear of contraband, and you are responsible for everything contained within that area to include contraband concealed within the plumbing of your sink, lockers, light fixtures, bunk frames, etc. You were also informed of this upon your arrival at FCI Cumberland, during initial in processing screening where you were issued a A&O Handbook, which details this information.

In addition, in this case neither you nor your cellmate claimed ownership of the makeshift weapon that was discovered concealed within the plumbing of your sink, which is positioned in an area of the cell that you both have equal access to. Therefore, the rule of constructive possession applies. The

> concept is that every inmate assigned to a particular area is responsible for objects found in the common area unless someone admits responsibility. This concept is necessary to keep inmate from evading responsibility for their acts by hiding contraband in common areas which are somewhat under their control. As no one assigned to this living space has admitted they were the party responsible for the weapon, the DHO applies the concept of constructive possession and finds the occupants of C-A Unit, Cell 101 equally responsible for the weapon discovered by the reporting officer.
>
> Therefore, because the greater weight of evidence presented showed that you did in fact possess a weapon by having a weapon concealed in the plumbing of the sink in your assigned living quarters, the DHO concludes that the charge, possession, manufacture or introduction of a weapon, Code 104, is appropriate and warranted.

Id. The DHO sanctioned Hammond on the Code 104 violation to forty-one (41) days loss of Good Conduct Time; seven (7) days disciplinary segregation; and 180 days loss of commissary and MP3 player, thru 8-15-2017. Id. The DHO documented his reasons for the sanctions given as follows:

> The action/behavior on the part of any inmate to possess, manufacture, or introduce a hazardous tool into any correctional institution threatens the safety and security, not only of the inmate involved, but that of the entire institution. Possession of a weapon/sharpened instrument and possession of anything not authorized will not be tolerated in the correctional environment. It can have extremely serious repercussions for both staff and inmates since it tends to result in further disruptive and violent behaviors.

> The DHO disallowed Good Time for this act in order to meet this inmates sentence requirements, (PLRA). The DHO imposed the sanctions of disciplinary segregation, loss of commissary, and MP3 player privileges as punishment for committing the prohibited act and to make you accountable for your actions.

Id. Hammond was advised of his appeal rights at the conclusion of the hearing. Id.

On June 18, 2018, Hammond filed the instant petition for writ of habeas corpus, seeking expungement of Incident Report No. 2950402 and the return of his good conduct time, arguing that the DHO never took into consideration the exculpatory evidence that the "weapon in question was rusty, which clearly reflects that said weapon may have been concealed in the plumbing of the sink before Petitioner arrived at FCI Cumberland" and that it did not belong to Petitioner. (Doc. 1, petition)

**II. Discussion**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court

- 6 -

found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision

of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

The Bureau of Prisons has enacted specific procedures for disciplinary proceedings. 28 C.F.R. §541.1, *et seq.* Under these procedures, a staff member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. §541.5(a). The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. Id. The incident is then investigated. Id. at §541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1) finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. Id. at §541.7(a). Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. Id. at §541.3(a). If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. Id. at §541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. §541.8. The prisoner is entitled to notice of the charges at least 24 hours before the hearing. Id. at §541.8(c). The prisoner is entitled to appear at the hearing and is entitled to staff representation at the hearing. Id. at §541.8(d) & (e). The prisoner is entitled to make a statement and to present documentary evidence. Id. at §541.8(f). A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are not reasonably available, if their presence would jeopardize institutional security, or if they would present repetitive evidence. Id. The DHO considers all evidence presented at the hearing. Id. The decision of the DHO must be based on at least some facts and, if there is conflicting evidence, the decision must be based on the greater weight of the evidence. Id. Following the hearing, the DHO must provide a written report documenting that the prisoner was advised of his rights. Id. at §541.8(h). The report must document the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions. Id.

In the instant case it is clear from the record that Hammond was afforded all of the required procedural rights set forth in Wolff. He received

written notice of the disciplinary charges at least twenty-four hours prior to the hearing; he appeared at the hearing and made a statement refuting the charges; he was given the right to a staff representative, an opportunity to present witnesses and provide documentary evidence (though he chose not to do so); and he was given a written statement explaining the DHO's decision. See Wolff, 418 U.S. at 564–66.

To the extent that Petitioner claims that the DHO did not consider that the weapon in question was rusty and could have been there before Hammond arrived at FCI-Cumberland, such a claim raises a challenge the sufficiency of the evidence. The DHO, however, explained in his findings that, regardless of ownership, Petitioner was found guilty of constructive possession, because the weapon was found in his cell and neither cellmate claimed ownership. The United States Court of Appeals for the Third Circuit, however, has upheld the BOP's application of the constructive possession policy in the conduct of prison disciplinary proceedings. See Denny v. Schultz, 708 F.3d 140, 145-47 (3d Cir. 2013). Thus, the Denny decision forecloses Hammond's argument that there was not "some evidence" to support the DHO's conclusion because the weapon was found in his cell.

In addition to finding that there was some evidence to support the DHO's finding of guilt, the Court also finds that all sanctions imposed by the

- 10 -

DHO were within the limits of 28 C.F.R. §541.3. Petitioner was found guilty of a 100-level, greatest severity level prohibited act. Pursuant to 28 C.F.R. §541.3, the following are the sanctions available for 100-level offenses:

> A. Recommend parole date rescission or retardation.
> B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%), and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
> B.1. Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> C. Disciplinary segregation (up to 12 months)
> D. Make monetary restitution.
> E. Monetary fine.
> F. Loss of privileges (e.g. visiting, telephone, commissary, movies, recreation).
> G. Change housing (quarters).
> H. Remove from program and/or group activity.
> I. Loss of job.
> J. Impound inmate's personal property.
> K. Confiscate contraband.
> L. Restrict to quarters.
> M. Extra duty.

Thus, the sanctions imposed by the DHO in the present case were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied.

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED:** December 3, 2020
18-1236-01